Dear Mr. Picard:
You have requested an Attorney General's opinion regarding Louisiana's Safe Haven Law pursuant to LA Ch.C. Art. 1149 et. seq. You have indicated that you are in receipt of correspondence from Prevent Child Abuse Louisiana in which it has considered the Lafayette Marshal's office a police station, therefore determining the marshal's office to be "designated emergency care facility" under LA Ch.C. art 1150(2).
Your question regarding the Louisiana's Safe Haven Law is:
 Whether the Lafayette City Marshal's office would be considered a "Designated Emergency Care Facility" as defined under LA Ch.C. Art. 1150(2)?
LA Ch.C. Art. 1150(2) defines what an emergency care facility means. This statute states:
* * * * *
 . . . [A] "designated emergency care facility" means any hospital, licensed in the State of Louisiana, any public health unit, any emergency medical provider, any medical clinic, any fire station, any police station, any pregnancy crisis center, or any child advocacy center.
In order to determine the meaning police station, as used in the above statute, one must look to the established rules of statutory construction. In general, statutory interpretation begins "as [it] must, with the language of the statute." Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 506,133 L.Ed.2d 472 (1995). Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LA C.C. Art. 9. Moreover, "the plain meaning of legislation should be conclusive, except in the `rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' [in which case] the intention of the drafters, rather than the strict language controls." State v. Benoit, 817 So.2d 11(5/14/02). LA. R.S. 1:3 provides that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LA. C.C. Art. 11 further requires that a word be given its generally prevailing meaning.
In the statute, as stated above, a marshal's office was not listed or defined as a "designated emergency care facility" where a parent could relinquish their infant without fear of criminal prosecution. If the Louisiana Legislature intended a marshal's office to be included within that definition the legislature would have stated so specifically. A marshal's office is not considered to be what is generally accepted by the public as a police station, such as a municipal police station or a sheriff's office. Some case law has shed light on what is considered a "police station." In State v. Edwards, 232 La. 577, 604; 94 so.2d 674, 683 (La 1957) the court referred to "a person under arrest being taken to the nearest police station to be then and there booked, the record whereof is always to be kept there open to the public for inspection." Also State v. Belton, 525 So.2d 77
(La.App. 3rd cir. 1988) in this instance the court referred to a police station as a location where interrogations take place. Since the Lafayette Marshal's office does not have an interrogation room, you do not book individuals at your office, and no records are kept for public inspection regarding detainees, or persons arrested, it does not seem logical to conclude that your office would be considered a police station.
In conclusion, it is our opinion that a marshal's office is not a "designated emergency care facility as used in LA Ch.C. Art.1150(2).
I believe the above addresses your concerns. Should you have any additional questions, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL